**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN T. DOUSAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:24-CV-00015-NCC** |
| | ) | |
| **C.O. SGT. UNKNOWN UMPHRIES and** | ) | |
| **C.O. UNKNOWN HORRMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff John T. Dousay to proceed in the district court without prepaying fees and costs. The Court will grant the application and waive the initial partial filing fee. Additionally, after initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court will order plaintiff to file an amended complaint in compliance with the instructions set forth below.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified inmate account statement as required by 28 U.S.C. 1915(a)(2). Based on the information provided in plaintiff's application, however, the Court determines that plaintiff has no average monthly deposit and no money in his prison account. For this reason, plaintiff's application will be granted and his filing fee waived. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

self-represented litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging defendants violated his constitutional right to be free of excessive force. He names as defendants two correctional officers at the St. Charles County Department of Corrections, CO Unknown Umphries and CO Unknown Horrman. He sues both officers only in their official capacities.

Plaintiff states that he was assaulted twice on August 7, 2023, while he was incarcerated at the St. Charles County Jail. First he was assaulted by defendant Umphries. Plaintiff states Umphries was escorting him out of his cell block because he had committed a rules infraction. While plaintiff and Umphries were exiting the pod into the hallway, plaintiff states that Umphries violently slammed him into the wall. Plaintiff states that he "saw stars, felt a tremendous amount of head pain, and nearly collapsed from the vicious blow due to the force in which I was delivered into the wall with both of my hands behind me and bound in cuffs." (Doc. 1 at 4). Since this incident, plaintiff states that he has suffered severe headaches, blurred vision, and nausea.

The second assault also occurred on August 7, 2023. Plaintiff states that defendant Horrman escorted him out of his cell for an alleged rules violation.[1] He states that Horrman picked him up by his sides, while fully handcuffed behind his back, then violently forced him into his cell and slammed him face down onto the metal bunk. This resulted in a gaping wound over plaintiff's left eye that required stitches at St. Joseph's Hospital. Plaintiff states that in both instances, he was fully complying with the officers' requests, he was not resisting, and his hands were bound in cuffs behind his back.

---

[1] It is not clear from the complaint whether CO Umphries and CO Horrman were escorting plaintiff out of his cell block together.

- 3 -

For relief, plaintiff seeks actual damages of $60,000 and punitive damages of $240,000. He also seeks to have COs Umphries and Horrman disciplined.

## Discussion

Plaintiff's case is subject to dismissal because he has sued defendants only in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Plaintiff has not alleged any constitutional violation on the part of defendants' employer, St. Charles Department of Corrections. In the absence of these allegations, his claims against defendants Umphries and Horrman in their official capacities must be dismissed.

Because plaintiff is proceeding as a self-represented litigant, and has presented serious allegations to the Court, he will be allowed to amend his complaint. Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff is cautioned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff's shall file an amended complaint on the Court-provided form within twenty-one (21) days of the date of this Memorandum and Order in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Memorandum and Order, this action will be dismissed without prejudice and without further notice to plaintiff.

Dated this 29th day of May, 2024.

___/s/ Noelle C. Collins_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
